UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| Nathan Lemire,<br><br>　　　　　　Plaintiff,<br>　v.<br><br>P. Scott Lowery Law Office, P.C.;<br>and DOES 1-10, inclusive,<br><br>　　　　　　Defendant. | Civil Action No.: _____<br><br><br><br>**COMPLAINT** |

For this Complaint, the Plaintiff, Nathan Lemire, by undersigned counsel, states as follows:

## JURISDICTION

1.　This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendant and its agents in their illegal efforts to collect a consumer debt.

2.　Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3.　Venue is proper in the U.S. District Court for the District of New Hampshire pursuant to 28 U.S.C. § 1391(b), as Defendant transacts business in the State of New Hampshire.

## PARTIES

4.　The Plaintiff, Nathan Lemire ("Plaintiff"), is an adult individual residing in Concord, New Hampshire, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5.　Defendant P. Scott Lowery Law Office, P.C. ("Lowery"), is Colorado business entity with an address of 10375 E Harvard Avenue #410, Denver, Colorado 80231, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6.　Does 1-10 (the "Collectors") are individual collectors employed by Lowery and

whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. P. at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

A. **The Debt**

8. Plaintiff incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to Lowery for collection, or Lowery was employed by the Creditor to collect the Debt.

11. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

B. **Lowery Engages in Harassment and Abusive Tactics**

## FACTS

12. Within the last year, Lowery contacted Plaintiff in an attempt to collect the Debt.

13. During Plaintiff's first conversation with Lowery, he informed it that he recently lost his job and stated that he could not afford to currently pay the Debt to Lowery.

14. Lowery responded to Plaintiff by noting that it would follow up with him in several weeks to see if his financial situation had changed. However Lowery instead placed a call to Plaintiff the following day and once against demanded payment of the Debt.

15. Lowery used rude and abusive language when speaking with Plaintiff. Lowery asked Plaintiff, "Explain to me how you accumulated so much debt!? This is unacceptable!"

16. Lowery threatened to take legal action against Plaintiff and send the Debt "to the attorneys" on several occasions. To date, Lowery has not taken any legal action against Plaintiff.

17. During one phone call with Lowery, Plaintiff noted that he recently had a major surgery, was under the influence of pain medication and could not speak with Lowery about the Debt. Lowery continued to press Plaintiff for payment of the Debt. A Lowery representative told Plaintiff, "Well I just got out of surgery. I broke my elbow last week and I'm coming to work every day and taking care of my responsibilities."

18. Lowery contacted the plaintiff while he was still in the hospital recovering from surgery. Lowery knew the plaintiff had surgery the day before because they called plaintiff while he was being prepared for surgery. Plaintiff was very upset by call. Plaintiff told Lowery that he was recovering from surgery and that the Lowery knew he had just had surgery and that he would be in any position to pay or to discuss the debt until some time well after he had recovered from surgery which would be more than a week. Lowery Continued to place calls and ask for payment with full knowledge that the plaintiff was unable to pay or to discuss the payment due to the surgery.

19. When the plaintiff told the collector that he was in the hospital the collector hung up on him causing the plaintiff stress and anxiety.

20. Plaintiff advised Lowery that he retained legal representation and asked Lowery to cease contacting him. Lowery cut Plaintiff off mid-conversation, told him "Yeah, alright buddy" and then terminated the call with Plaintiff.

21. Lowery has continued to place calls to Plaintiff since he advised it that he has

3

legal representation.

22. Lowery placed calls to the plaintiff approximately 6 days after his surgery and when plaintiff told them he could not pay and asked them to leave him alone so he could recover from surgery, Lowery responded by questioning how he could still be recovering 6 days after surgery.

### C. Plaintiff Suffered Actual Damages

23. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

24. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

25. The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

### COUNT I
### VIOLATIONS OF THE FDCPA - 15 U.S.C. § 1692, et seq.

26. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

27. The Defendants' conduct violated 15 U.S.C. § 1692c(a)(1) in that Defendants contacted the Plaintiff at a place and during a time known to be inconvenient for the Plaintiff.

28. The Defendants' conduct violated 15 U.S.C. § 1692c(a)(2) in that Defendants contacted the Plaintiff after having knowledge that the Plaintiff was represented by an attorney.

29. The Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged

in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

30. The Defendants' conduct violated 15 U.S.C. § 1692d(2) in that Defendants used profane and abusive language when speaking with the consumer.

31. The Defendants' conduct violated 15 U.S.C. § 1692d(5) in that Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass.

32. The Defendants' conduct violated 15 U.S.C. § 1692e(5) in that Defendants threatened to take legal action, without actually intending to do so.

33. The Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed false and deceptive means to collect a debt.

34. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

35. The Plaintiff is entitled to damages as a result of Defendants' violations.

### COUNT II
### VIOLATIONS OF NEW HAMPSHIRE'S UNFAIR, DECEPTIVE OR UNREASONABLE COLLECTION PRACTICES ACT, 358-C, et seq.

36. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully set herein at length.

37. The Debt arose from a credit transaction for family, household or personal purposes and meets the definition of a "consumer credit transaction" under RSA 358-C:1, II.

38. The Plaintiff is a "consumer" under RSA 358-C:1, I.

39. The Defendants are "debt collector[s]" as defined by RSA 358-C:1, VIII.

40. The Defendants' conduct violated RSA 358-C:3 (I)(a) in that Defendants caused

the Plaintiff's phone to ring repeatedly and engaged the Plaintiff in telephone conversations at unusual or inconvenient times with the intent to abuse, oppress or harass.

41. The Defendants' conduct violated RSA 358-C:3, I(b) in that Defendants used profane, obscene and vulgar language when speaking with the Plaintiff.

42. The Defendants' conduct violated RSA 358-C:3, VII in that Defendants falsely represented the character, extent or amount of the debt or its status in any legal proceeding.

43. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the RSA 358-C, including every one of the above-cited provisions.

44. The Plaintiff is entitled to damages as a result of Defendants' violations.

45. Pursuant to RSA 358-C:4, the Plaintiff is entitled to statutory damages in the amount of $200 for each violation of RSA-C:3, and reasonable attorney's fees and cost.

### COUNT III
### VIOLATIONS OF NEW HAMPSHIRE'S REGULATIONS OF BUSINESS PRACTICES FOR CONSUMER PROTECTION ACT, 358-A:10, et seq.

46. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

47. RSA 358-C:4, VI provides that violations of New Hampshire's Unfair Collection Practices Act, RSA 358-C, et seq., constitute an unfair and deceptive act or practice under RSA 358-A:2.

48. The above violations of RSA 358-C are each violations of RSA 358-A:2.

49. Therefore, pursuant to RSA 358-A:10, the Plaintiff is entitled to statutory damages of at least $1,000 and as much as $3,000, plus costs for each violation for RSA 358-C.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendants awarding the Plaintiff:

1. Actual damages including, but not limited to, the emotional distress the Plaintiff has suffered (and continues to suffer) as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy pursuant to 15 U.S.C. § 1692k(a)(1);

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3), RSA 358-C:4 and RSA 358-A:10;

4. Statutory damages pursuant to RSA 358-C:4;

5. Statutory damages pursuant to RSA 358-A:10;

6. Punitive damages; and

7. Such other and further relief that the Court may deem just and proper.

## TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated April 10, 2012

> Respectfully submitted,
> By ___/s/ James D. Kelly_____
> James D. Kelly, Esq. (BNH 16177)
> Getman, Schulthess & Steere
> 1838 Elm Street
> Manchester, NH  03104
> (603) 634-4300
>
> **Of Counsel to**
> Lemberg & Associates, LLC
> 1100 Summer Street
> Stamford, CT 06905
> (203) 653-2250